# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **MICHAEL ALONZA RUFUS,** | : | **PRISONER CIVIL RIGHTS** |
| Plaintiff, | : | **42 U.S.C. § 1983** |
| | : | |
| v. | : | |
| | : | |
| **STATE OF GEORGIA et al.,** | : | **CIVIL ACTION NO.** |
| Defendants. | : | **1:12-CV-3869-TWT-AJB** |

## UNITED STATES MAGISTRATE JUDGE'S ORDER
## AND FINAL REPORT AND RECOMMENDATION

Plaintiff is confined at the Jenkins Correctional Center in Millen, Georgia. Proceeding pro se, he filed a "Petition to Redress Common Law Tort of Abuse of Process with Request for Three Judge Court," which the Clerk docketed as the complaint in this action. [Doc. 1.] Plaintiff complains of a state criminal prosecution in Walton County, Georgia that resulted in his imprisonment and seeks damages and injunctive relief. [*Id.*] Plaintiff filed an affidavit seeking leave to proceed *in forma pauperis*. [Doc. 2.]

Plaintiff cannot proceed *in forma pauperis* because he has filed, while incarcerated, at least three civil cases that were dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted. *See* Order, *Rufus v. Chapman*, No. 3:11-cv-151 (CDL) (M.D. Ga. Nov. 1, 2011); Order, *Rufus v. Pearson*,

No. 5:08-cv-205-DCB-MTP (S.D. Miss. Nov. 26, 2008); Order, *Rufus v. Fed. Bureau of Prisons*, No. 6:06-cv-3114-GRA-WMC (D.S.C. Feb. 7, 2008); Order, *Rufus v. John*, No. 6:04-cv-21905-GRA (D.S.C. Oct. 8, 2004). A prisoner may not bring a civil action in federal court *in forma pauperis* "if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g)'s bar applies here, and Plaintiff cannot proceed without paying the $350 filing fee. [*See* Doc. 1.]

When § 1915(g) bars a prisoner from proceeding *in forma pauperis*, "the proper procedure is . . . to dismiss the complaint without prejudice." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). "The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit." *Id.*

Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to terminate the reference to the undersigned.

2

**IT IS SO ORDERED and RECOMMENDED**, this 14th day of November, 2012.

_____
**ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/82)